UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Ramon Cardona,<br>individually and on behalf of all others similarly situated,<br>Plaintiff(s)<br><br>-v.-<br><br>ARS National Services, Inc.,<br><br>Defendant(s). | Civil Action No: 3:22-cv-3276<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ramon Cardona ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant ARS National Services, Inc. ("Defendant ARS" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under Section 1692 *et seq.* of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Monmouth.

8. Defendant ARS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business located in the State of California, and is registered to accept service through its registered agent, c/o The Prentice-Hall Corporation System, Inc., at 80 State Street, Albany, New York 12207.

9. Upon information and belief, Defendant ARS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. Defendant ARS was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## Class Allegations

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant ARS sent a letter;

   c. attempting to collect a consumer debt;

   d. providing an amount owed;

   e. based on a particular date range between a date certain and "today";

   f. without dating the collection letter;

   g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g *et seq*.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms **attached as Exhibit A**, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and/or 1692g *et seq*.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to August 27, 2019, Plaintiff allegedly incurred an obligation to non-party Citibank, N.A. ("Citi").

22. The obligation arose out of a transaction in which money, property, insurance, or services, of which the subject transactions, were incurred for personal, family, or household purposes.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

24. The alleged Citi obligation is consumer related and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

25. Citi is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. Upon information and belief, Citi contracted with Defendant ARS to collect the alleged debt.

27. Defendant ARS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

<u>*Violation – Undated Collection Letter*</u>

28. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

29. On a date better known by Defendant ARS, Defendant ARS sent Plaintiff a collection letter regarding the debt alleged to be owed to Citi. (*See "Letter"* attached hereto as **Exhibit A**.

30. The Letter is not dated.

31. Despite the fact that the Letter lacks a date, Defendant ARS states, in relevant part:

You had a Sears Mastercard account by Citibank, N.A. with account number ending in ************1187.

| | |
|---|---:|
| As of August 27, 2019 you owed: | $1,424.39 |
| Between August 27, 2019 and today: | |
| You were charged this amount in interest: | +$0.00 |
| You were charged this amount in fees: | +$0.00 |
| You paid or were credited this amount toward the debt: | -$0.00 |
| Total non-sufficient funds or other debits: | +$0.00 |
| **Total amount of the debt now:** | **$1,424.39** |

32. There is no way to determine from the Letter which date "today" and "now" refer to, as the Letter is not dated.

33. The Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date.

34. It is common practice to date official letters.

35. Letters that lack a date make them seem illegitimate.

36. The fact that Defendant did not date the letter and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

37. Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

38. By withholding the date of the letter, Defendant withheld a material term from Plaintiff which made it confusing for him to understand the nature of the subject debt.

39. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

40. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

41. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

42. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

43. One important element of consumer protection revolves around keeping the consumer informed.

44. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

45. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

46. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

47. As dating a letter is so basic in the business world, the fact that Defendant left the Letter dateless arouses suspicion as to their underlying motivations for doing so.

48. The non-dated letter coupled with the references to "today" and "now" make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

49. Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what his options and possible responses could or should be.

50. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

51. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this debt.

52. Plaintiff was confused and misled to his detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letter to his detriment.

53. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

54. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

55. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

56. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

58. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

59. Defendant violated §1692d:

   a. By omitting a date from their dunning letter and defining Plaintiff's debt based on the omitted date.

60. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

63. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64. Defendant violated §1692e:

   a. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

   b. By making a false and misleading representation/omissions in violation of §1692e(10).

65. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

66. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

68. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

69. Defendant violated §1692f:

   a. By omitting a material term from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

70. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

71. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

73. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

74. Defendant violated Section 1692g(a):

   a. Failing to properly provide the amount of the debt, by pegging it to an unknown date.

75. Pursuant to 15 USC §1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

76. Defendant violated Section 1692g(b) by engaging in collection activities and communication during the 30-day period that overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt.

77. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

78. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Ramon Cardona, individually and on behalf of all others similarly situated, demands judgment from Defendant ARS as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative, and Christofer D. Merritt, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  May 31, 2022

                      Respectfully Submitted,

                      */s/Christofer D. Merritt*
                      Christofer D. Merritt
                      **Stein Saks, PLLC**
                      One University Plaza, Suite 620
                      Hackensack, NJ 07601
                      Tel. 201-282-6500
                      Fax 201-282-6501
                      cmerritt@steinsakslegal.com
                      *Attorneys for Plaintiff*